FLETCHER, Judge.
Indemnity Casualty & Property, Ltd. [Indemnity] and Insurance General Management Corporation [IGMC] appeal from a final adverse summary judgment. We affirm.
When the tow rope on a parasail broke free from the towing boat, vacationer Tommy Hunter grabbed the trailing tow line in an attempt to rescue the parasailer. He was lifted many feet into the air, fell, and sustained serious injuries, but successfully rescued the wayward parasailer. Mr. Hunter and his wife asserted a claim for damages against Island Parasail, the operator of the parasailing business. Island Parasail submitted the claim to its insurer, Indemnity, which denied coverage and refused to defend.
Island Parasail and the Hunters subsequently entered into an agreement whereby Island Parasail agreed to entry of a $750,000 final judgment against it. Island Parasail then assigned to the Hunters its rights, claims, and causes of action against Indemnity, IGMC, and the agent who sold it the policy. The Hunters then filed this action against the three for failure to defend, improper denial of coverage, negligent misrepresentation, negligence and breach of contract.[1]
Neither Indemnity nor IGMC is licensed as an insurer or certified to do business in Florida. After Indemnity failed to post the bond generally required of an unauthorized insurer by section 626.908, Florida Statutes (1997), the trial court struck Indemnity’s pleadings and ordered it to post a $700,000 bond, which it failed to do. The trial court subsequently struck IGMC’s pleadings as well, subject to reinstatement if the parties posted a $750,000 bond. Neither did. The trial court then granted the Hunters’ motion for default against the defendants. Indemnity and IGMC moved to vacate the default and to reconsider the order requiring the bond, arguing that a statutory exemption to the bond requirement applied. The court disagreed and entered final summary judgment in favor of the Hunters against Indemnity and IGMC, which judgment is the subject of this appeal.
Indemnity and IGMC assert that the policy issued to Island Parasail is what is known in the industry as a “wet marine and transportation insurance” policy as defined in section 624.607, Florida Statutes (1997).[2] They argue that because the poli *660 cy is “wet marine,” the insurer is therefore exempt from the requirement to post bond, pursuant to section 626.912, Florida Statutes.[3]
Contrary to the contentions of Indemnity and IGMC, we conclude that the policy is more than just a wet marine policy. It contains endorsement 8000, Single or Double Parasailing Endorsement, which reads,
“In consideration for the premium charged it is hereby understood and agreed that parasailing coverage is included with permission for single para-sailing. Deductible applicable to protection and indemnity is $1,000.00 per person per occurrence. As of the effective date of this endorsement, the # 500 endorsement is deleted from the policy.[4] Otherwise, no coverage is afforded. Double parasailing includes single parasailing.”
This endorsement adds a specialized liability insurance — for an amusement activity — to the policy. “Liability” insurance, of course, is a form of “casualty” insurance, see section 624.605(l)(b), Florida Statutes (1997), which is distinguished from the other kinds of insurance. Section 624.6011, Florida Statutes (1997).[5] The insurance coverages within the subject policy thus fall within the definitions of two kinds of insurance. Such a result is contemplated by section 624.601, Florida Statutes (1997), which provides that insurance coverages may in some cases come within two or more definitions. Sections 624.601-624.6085, Florida Statutes (1997), provide these definitions, including “wet marine” and “casualty” insurance, for example. Section 624.601 also provides that “the inclusion of such coverage within one definition shall not exclude it from béing considered as any other kind of insurance, the definition of which reasonably includes such coverage.”
This is indeed what we find when we examine the policy issued by Indemnity to Island Parasail: two types of insurance- — • “wet marine” and Endorsement 8000, the parasailing liability insurance. See Florida Ins. Guaranty Assoc. v. Pilings & Structures, Inc., 616 So.2d 532 (Fla. 1st DCA) (inclusion of maritime coverage endorsement in marine protection and indemnity insurance could also be considered casualty insurance for purposes of the Jones Act, where by statute insurance definitions are not mutually exclusive); review denied, 626 So.2d 205 (Fla.1993). That being so, the exemption from bond may apply to the wet marine portion of the policy, but it does not apply to the liability portion.
As unauthorized liability insurers in Florida, Indemnity and IGMC were required to either 1) procure a certificate of authority to transact insurance in this State, or 2) post bond in the full amount fixed by the court below to fulfill the public policy purposes of section 626.904, Florida Statutes (1997), et seq., which is to ensure that an unauthorized insurer selling insurance in Florida acts responsibly to pay any *661 judgment entered against it in this jurisdiction. See § 626.908, Fla. Stat. (1997).
Affirmed.
JORGENSON, J., concurs.

. The trial court stayed the action against the insurance agent after he filed a Suggestion of Bankruptcy, and the proceedings against him are not at issue in this appeal.

. Section 624.607(l)(b), Florida Statutes (1997) provides:
"(b) Marine protection and indemnity insurance, meaning insurance against, or against legal liability of the insured for, loss, damage, or expense arising out of, or incident to, the ownership, operation, chartering, maintenance, use, repair, or construction of any vessel, craft, or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness, or death or for loss of or damage to the property of another person.”
Section 624.607(2), Florida Statutes (1997) provides:
"For the purposes of this code, 'wet marine and transportation insurance’ is that part of marine insurance which includes only:
(a) Insurance upon vessels, crafts, and hulls and of interests therein or with relation thereto;
(b) insurance of marine builders' risks, and contracts of marine protection and indemnity insurance;
(c) Insurance of freights and disbursement pertaining to a subject of insurance coming within this definition; and
(d) Insurance of personal property and interest therein, in course of exportation from or importation into any country, or in course of transportation coastwise or on inland waters, including transportation by land, water, or air from point of origin to final destination, in respect to, appertaining to, or in connection with any and all risks or perils of navigation, transit, or transportation, and while being prepared for and while awaiting shipment, and during any delays, storage, transshipment, or reshipment incident thereto. ”

. Section 626.912, Florida Statutes (1997) provides that the bond provisions of Chapter 626 “do not apply to any action, suit, or proceeding against any unauthorized foreign insurer, alien insurer, or person representing or aiding such an insurer arising out of any contract of insurance: (1) covering ... wet marine and transportation ... insurance risks;...."

. The deleted # 500 endorsement had excluded coverage for bodily injury "arising out of parasailing activities which includes all transportation to and from the site of the activity."

.§ 624.6011, Florida Statutes (1997) provides:
“ ‘Kinds of insurance’ defined. — Insurance shall be classified into the following 'kinds of insurance’:
(1) Life.
(2) Health.
(3) Property.
(4) Casualty.
(5) Surety.
(6) Marine.
(7) Title.”